PHILLIP A. TALBERT
Acting United States Attorney
BRIAN K DELANEY
ANGELA L. SCOTT
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
(559) 497-4000
(559) 497-4099 FAX

Attorney for Plaintiff
United States of America

FILED

MAY 31 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO. 1:16 CR 00080 LJO SKO |
|---|---|
| Plaintiff, | ) |
| v. | ) VIOLATIONS: |
| | ) 21 U.S.C. §§846 & 841(a)(1) – |
| | ) CONSPIRACY TO DISTRIBUTE AND |
| | ) POSSESS WITH THE INTENT TO |
| PATRICK MARA | ) DISTRIBUTE METHAMPHETAMINE |
| Defendant. | ) |
| | ) CRIMINAL FORFEITURE |

**INFORMATION**

The United States Attorney charges:

PATRICK MARA,

Defendant herein, as follows:

**GENERAL ALLEGATIONS**

At all times relevant to this Information:

1

1. The Bakersfield Police Department ("BPD") was an agency of the City of Bakersfield, State and Eastern District of California. BPD was vested by Section 830 et. seq. of the California Penal Code with law enforcement powers, as well as the exercise and performance of all duties and obligations imposed on the agency by law.

2. Defendant PATRICK MARA was a sworn police officer with the City of Bakersfield. As a sworn police officer, MARA was entrusted with the investigation of criminal offenses, was authorized to carry a firearm, and was empowered to make arrests and to conduct searches and seizures in furtherance of his duty to enforce criminal laws.

3. At various times, MARA was assigned to the BPD's Narcotics Unit. As a narcotics officer, MARA was responsible for the investigation and arrest of individuals involved in the illegal sale, distribution, and possession of narcotics.

4. At various times, MARA was assigned as a BPD narcotics officer to the Southern Tri-County Task Force of the Central Valley High Intensity Drug Trafficking Area (HIDTA). The HIDTA was a multi-jurisdictional drug task force made up of law enforcement officers from the BPD, the Drug Enforcement Administration (DEA), the Department of Homeland Security, the Kern County Sheriff's Office, the Tulare County Sheriff's Office, and the California Highway Patrol. The HIDTA was responsible for investigating violators of both state and federal criminal narcotic laws. HIDTA received funding from the United States Government.

5. As a narcotics officer with the BPD and the HIDTA, MARA was responsible for the recovery and seizure of illegal narcotics. According to both BPD and HIDTA policy, narcotics seized by MARA and other BPD law enforcement officers were to be marked and secured in the evidence room of the BPD. After the initial seizure or recovery of narcotics, BPD officers were to most promptly deliver the narcotics to the departmental evidence room.

6. Defendant MARA abused his position of trust and authority as a BPD Police Officer

and as a HIDTA Agent in that on more than one occasion he secured narcotics in the course of his duties as a police officer, but intentionally failed to submit the seized narcotics to the BPD evidence room for secure and lawful retention, and instead retained possession of the seized narcotics for his own unlawful gain and purpose.

**COUNT ONE:** **[21 U.S.C. §§ 846 & 841(a)(1) - Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine]**

The Grand Jury charges:

PATRICK MARA,

Defendant herein, as follows:

14. The allegations contained in paragraphs 1 through 6 of this Information are hereby repeated, re-alleged, and incorporated by reference as though fully set forth herein.

15. From on or about June 14, 2012 to on or about October, 29, 2013 in the County of Kern, State and Eastern District of California, and elsewhere, PATRICK MARA, Defendant herein, did knowingly and intentionally conspire with Damacio Diaz, and others both known and unknown to the United States Attorney, to distribute and possess with the intent to distribute, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

**OBJECTS, MEANS, AND METHODS**

16. The principal objects of the conspiracy were to seize narcotics from drug dealers and sell the narcotics for personal gain.

23. It was further part of the conspiracy that MARA and Diaz by virtue of their positions of trust and authority as BPD Police Officers and HIDTA Agents, from time to time

would seize narcotics from drug couriers and drug dealers and fail to place the seized drugs in the BPD evidence room, wrongfully maintaining possession of the seized narcotics.

24. It was further part of the conspiracy that Defendant MARA and Diaz would sell and distribute the wrongfully retained narcotics for personal gain.

It is further alleged that Defendant MARA conspired to distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, and 50 grams and more of methamphetamine (actual) and that MARA knew or should have reasonably known that these quantities were involved.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

**FORFEITURE ALLEGATION:**   [21 U.S.C. §853 – Criminal Forfeiture]

The allegations set forth in the above Information are incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853.

Upon conviction of the offense alleged in Count One of this Information, defendant PATRICK MARA shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

a. All right, title, and interest in any and all property involved in violations of Title 21, United States Code, Sections 841(a)(1) and 846, for which defendant is convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offense.

b. $80,000 a sum of money equal to the total amount of proceeds obtained as a result of the offense, for which defendant is convicted.

Pursuant to 21 U.S.C. § 853, if any property subject to forfeiture, as a result of any act or

omission of Defendant or agents of Defendant or upon direction by the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot

be divided without difficulty, the United States of America shall be entitled to forfeiture of any other property of the Defendant, up to the value of the property subject to forfeiture, including but not limited to a personal forfeiture money judgment, pursuant to Title 21, United States Code, Section 853(p).

PHILLIP A. TALBERT
Acting United States Attorney

By:

BRIAN K. DELANEY,
Assistant U.S. Attorney